UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEYNEL KNIGHT**                                         **CIVIL ACTION**

**VERSUS**                                                 **NO. 08-4721**

**BURL CAIN, WARDEN**                                      **SECTION "R"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. §2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. §2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. §2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. §2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. §2254(e)(2)(B).

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Keynel Knight, is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 20, 2003, Knight was indicted for the second degree murder of Charles Williams. On May 7, 2004, at the conclusion of a multiple-day trial, a twelve-person jury found Knight guilty as charged in Orleans Parish Criminal District Court. On June 2, 2004, the state district court sentenced Knight to life imprisonment without benefit of parole, probation, or suspension of sentence.

On March 23, 2005, pursuant to Knight's appeal, the Louisiana Fourth Circuit Court of Appeal affirmed Knight's conviction and sentence. State v. Knight, 897 So.2d 919, No. 2004-KA-1681 (La. App. 4 Cir. Mar 23, 2005) (unpublished opinion).[2] Thereafter, Knight did not apply for rehearing nor did he seek review with the Louisiana Supreme Court. As such, Knight's conviction became final thirty days later, on April 22, 2005.[3]

---

[2] A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 4 of 5.

[3] A state conviction is final for federal limitations purposes at the conclusion of the original period for seeking direct review. Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)). Under Louisiana Supreme Court Rule X, Section 5, Knight had thirty days to postmark or file an application with the Louisiana Supreme Court seeking review of the judgment of the court of appeal. See also, La. Code Crim. Proc. art. 922(A). Knight did not do so.

2

On February 21, 2006, Knight attempted to file a post-conviction application with the Orleans Parish Criminal District Court.[4] Receiving no opinion from the Orleans Parish Criminal District Court with respect to his post-conviction application, Knight, on August 21, 2007, filed an application for writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[5] In response to Knight's writ of mandamus, the Louisiana Fourth Circuit Court of Appeal, on October 12, 2007, denied Knight's post-conviction claim that he received ineffective assistance of counsel. State v. Knight, No. 2007-K-1070 (La. App. 4 Cir. Oct. 12, 2007) (unpublished opinion).[6] Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Knight had thirty days from October 12, 2007, until November 12, 2007, in which to timely seek writs from the Louisiana Supreme Court in connection with the state appellate court's October 12, 2007 adverse decision. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).[7]  Knight,

---

[4] A copy of Knight's post-conviction application is contained in the State rec., vol. 5 of 5. Knight asserts that he mailed this application to the wrong address, the court having relocated following Hurricane Katrina. However, Knight asserts that he mailed the application to another, proper address, on March 28, 2006. See Rec. doc. 4, Knight's memorandum in support of habeas corpus application, pp. 2-3.

[5] A copy of Knight's Application for Writ of Mandamus is contained in the State rec., vol. 5 of 5.

[6] A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 5 of 5.

[7] While thirty days from October 12, 2007 is November 11, 2007, because November 11, 2007 was a Sunday, Knight actually had until the following business day, November 12, 2007, to timely file his writ application to the Louisiana Supreme Court.

3

however, waited until November 13, 2007 to date and sign his writ application to the state's highest tribunal.[8] That application was denied on October 3, 2008. State ex rel. Knight v. State, No. 2008-KH-0113, 992 So.2d 1006 (La. 2008).

## II. FEDERAL HABEAS PETITION

On December 4, 2008, the clerk of court filed the instant federal habeas corpus petition in which Knight raises the same claim he raised in his state post-conviction application, namely, that he received ineffective assistance of counsel. The State filed a response in opposition to Knight's petition, arguing that the petition should be dismissed as untimely filed.[9]

## III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[10] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Knight's petition,

---

[8] A copy of Knight's November 13, 2007 writ application to the Louisiana Supreme Court is contained in the State rec., vol. 5 of 5.

[9] Rec. doc. no. 8.

[10] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

4

which, for reasons discussed below, is deemed filed in this federal court on October 20, 2008.[11]

IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his §2254 petition within one year of the date his conviction became final.[12] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Knight's conviction became

---

[11]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). As noted earlier, Knight's petition was filed by the clerk of court on December 4, 2008. Knight dated his signature on the application on October 20, 2008. This date is the earliest date on which Knight could have submitted his pleadings to prison officials for mailing.

[12]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. §2244(d).

5

final on April 22, 2005, when the period expired for him to seek review of the Louisiana Fourth Circuit's opinion on direct appeal.

Therefore, under a literal application of the statute, Knight had until April 22, 2006, to file his federal habeas corpus petition, which he did not do. His petition must therefore be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Knight has not asserted any reason, and the court can find none, that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions to entitle him to

equitable tolling. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state

7

court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must conform with a state's applicable procedural filing requirements. Williams v. Cain, 217 F.3d 303, 306 (5th Cir. 2000). In Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), quoting Carey v. Saffold, 536 U.S. 214, 226 (2002), the Court provided: "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)." The timeliness

8

consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey, 536 U.S. at 219-20; Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The one-year AEDPA limitations period began to run in Knight's case on April 23, 2005, the day after his conviction became final. The limitations period ran uninterrupted for approximately ten months, until February 21, 2006, when Knight filed an application for state post-conviction relief.[13] Prescription remained tolled until November 12, 2007, the expiration of Knight's time, under Louisiana Supreme Court Rule X, §5, for filing a writ application with the Louisiana Supreme Court seeking review of the Louisiana Fourth Circuit Court of Appeal's October 12, 2007 decision denying Knight's claim for post-conviction relief. See Williams, 217 F.3d at 309 (petitioner ceased to have anything pending, for purposes of

---

[13] As noted earlier, Knight mailed his state post-conviction application to the wrong address. However, given the fact that Knight's error in this regard was attributable, in part, to the fact that the Orleans Parish Criminal District Court was forced to relocate during the pertinent period of time as a result of Hurricane Katrina, this Court, in accordance with Causey, supra, shall utilize the date Knight signed his state post-conviction application, i.e., February 21, 2006, for purposes of determining the timeliness of the instant action.

9

interrupting prescription under §2244(d)(2), when he failed to timely file an application for a supervisory writ with the Louisiana Supreme Court); Smith v. Travis, 2009 WL 1704335, *2 (E.D. La. Jun 16, 2009) (Shushan, MJ) (tolling ended under §2244(d)(2) upon the expiration of petitioner's thirty-day period for filing a writ application with the Louisiana Supreme Court). At that point, Knight had approximately two months of his one-year statute of limitations remaining. Knight waited over eleven months, until October 20, 2008, before seeking federal habeas corpus relief. Thus, the instant action is clearly time-barred.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Keynel Knight for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

New Orleans, Louisiana, this 8th day of July, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE