UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEYNEL KNIGHT | CIVIL ACTION |
| VERSUS | NO: 08-4721 |
| BURL CAIN, WARDEN | SECTION: R(5) |

**ORDER**

Before the Court are Keynel Knight's Petition for a Writ of Habeas Corpus[1] and his objections[2] to the Magistrate Judge's Report and Recommendation that the petition be dismissed with prejudice.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may issue a certificate of appealability

---

[1] R. Doc. 4.

[2] R. Doc. 28.

[3] R. Doc. 27.

only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003).

Here, Knight has not made a substantial showing of the denial of a constitutional right. Knight claims ineffective assistance of counsel but has not demonstrated that counsel's performance was deficient, that any deficient performance caused him prejudice, or that counsel failed to subject the state's case to meaningful adversarial testing. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (performance and prejudice test); *United States v. Cronic*, 466 U.S. 648, 659 (1984) (prejudice presumed if complete absence of meaningful adversarial testing). An examination of the state court record demonstrates that defense counsel engaged in effective cross examination, called one witness, and made a closing argument. Further, the evidence against the petitioner was overwhelming, and the petitioner has

failed to show that but for counsel's purported errors, the result of the proceeding would have been different.  Knight's contentions do not amount to a substantial showing that his constitutional rights were compromised, nor could they engender debate among reasonable jurists.

Accordingly,

    Keynel Knight's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.


    New Orleans, Louisiana, this __29th__ day of October, 2010.


    _____
           **SARAH S. VANCE**
    **UNITED STATES DISTRICT JUDGE**